UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER DALE FULLER,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:22-cv-01400-RDP |
| } | |
| **STEVEN RAY PAYNE and CRANE** } | |
| **TRANSPORT, INC.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss Plaintiff's First Amended Complaint in Part filed by Defendants Steven Ray Payne and Crane Transport, Inc. ("CTI") (together, "Defendants"). (Doc. # 9). The Motion has been fully briefed. (Docs. # 9, 11, 12). After careful review, and for the reasons discussed below, Defendants' Motion is due to be granted in part and denied in part.

**I.  Background**

Plaintiff Christopher Dale Fuller filed suit in state court against Defendant Payne, a truck driver, and Defendant CTI, Payne's employer, following a traffic accident. On November 2, 2022, Defendants removed this case to this court. A month later, on December 2, 2022, Plaintiff filed an Amended Complaint alleging (1) negligence and (2) wantonness against Defendant Payne; and (3) negligent entrustment, (4) *respondeat superior*, and (5) negligent hiring, training, retention, and supervision against Defendant CTI. (Doc. # 8).

The Amended Complaint alleges that, early on the morning of August 16, 2022, Plaintiff Christopher Dale Fuller was operating a 2016 Ford F-250 Supercab pickup truck heading southbound on I-459. (Doc. # 8 ¶ 6). At the same time, Defendant Payne was operating a tractor

trailer owned by his employer, CTI. (*Id*. ¶ 7). Payne allegedly fell asleep behind the wheel of his tractor trailer and struck Plaintiff's truck, pushing Plaintiff into another tractor trailer that was in front of him. (*Id*. ¶ 8). As a result of the accident, Plaintiff suffered cervical, thoracic, lumbar, and lower leg injuries - and significant pain resulting from each injury. (*Id*. ¶ 12).

In support of his wantonness claim, Plaintiff alleges that Payne drove while knowingly fatigued (*Id*. ¶ 15(a)); ignored the premonitory symptoms of sleep (*Id*. ¶ 15(b)); exceeded one or more of the hours-of-service regulations imposed by 49 C.F.R. § 395.1, *et. seq*. (*Id*. ¶ 15(c)); followed Plaintiff's vehicle at a distance that he knew could likely or probably cause injury to Plaintiff (*Id*. ¶ 15(d)); failed to keep a lookout (*Id*. ¶ 15(e)); traveled at a speed far beyond what was reasonable and prudent under the conditions (*Id*. ¶ 15(f)); and failed to obey the rules of the road (*Id*. ¶ 15(f)).

In support of the negligent entrustment claim, Plaintiff alleges that Payne suffered from one or more health conditions which made him susceptible to fatigue and/or sudden bouts of sleepiness (*Id*. ¶ 20(a)); exceeded one or more of the hours-of-service regulations imposed by 49 C.F.R. § 395.1, *et. seq*. on the date of the collision and/or on previous occasions (*Id*. ¶ 20(b)); did not have proper training or experience operating the tractor trailer involved in the collision (*Id*. ¶ 20(c)); and exhibited incompetence through previous acts of negligent or reckless driving, previous collisions, and/or violations of rules of the road (*Id*. ¶ 20(d)).

In support of the negligent hiring, training, retention, and supervision claim, Plaintiff alleges that CTI hired and retained Payne despite his suffering from one or more health conditions which made him susceptible to fatigue and/or sudden bouts of sleepiness (*Id*. ¶ 26(a)); failed to properly train Payne on one or more of the hours-of-service regulations imposed by 49 C.F.R. § 395.1, *et. seq*. (*Id*. ¶ 26(b)); failed to properly train Payne on safe operation of the tractor trailer he

was operating at the time of the collision (*Id*. ¶ 26(c)); failed to properly train Payne on the Alabama Rules of the Road (*Id*. ¶ 26(d)); failed to properly train Payne on the Federal Motor Carrier Safety Act (*Id*. ¶ 26(e)); failed to properly supervise Payne on his compliance with one or more of the hours-of-service regulations imposed by 49 C.F.R. § 395.1, *et. seq*. on the date of the collision and/or on previous occasions (*Id*. ¶ 26(f)); failed to properly supervise Payne on his compliance with one or more of the regulations imposed by the Federal Motor Carrier Safety Act on the date of the collision and/or on previous occasions (*Id*. ¶ 26(g)); hired and retained Payne despite his lack of training or experience operating the tractor trailer involved in the collision (*Id*. ¶ 26(h)); and hired and retained Payne despite his exhibited incompetence through previous acts of negligent or reckless driving, previous collisions, and/or violations of rules of the road (*Id*. ¶ 26(i)).

## II.     Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id*. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC,* 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp*., 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

**III.    Discussion**

In their Motion to Dismiss, Defendants seek to dismiss: (1) Count II, the wantonness claim against Payne; (2) Count III, the negligent entrustment claim against CTI; (2) Count IV, the vicarious liability claim against CTI to the extent it seeks to impose *respondeat superior* liability based on wantonness; and (4) Count V, the negligent hiring, training, retention, and supervision claim against CTI. (Doc. # 9). The court first addresses the wantonness claim, then turns to the claims asserted against Defendant CTI.

        **1.    Wantonness and *Respondeat Superior* Liability Based on Wantonness**

In Alabama, wantonness is characterized by a "a reckless or conscious disregard of the rights or safety of others." Ala. Code § 6-11-20(b)(3) (1975). Alabama courts have interpreted wantonness to require "acting with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury." *Ex parte Essary*, 992 So. 2d 5, 9-10 (Ala. 2007) (quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004)). This does *not* require a "specific design or intent to injure the plaintiff, only that the actor is 'conscious' that injury will likely or probably result from his actions." *Essary*, 992 So. 2d at 9. While claims of wantonness frequently arise alongside claims of negligence, "[w]antonness is not merely a higher degree of culpability than negligence." *Id.* (quoting Tolbert, 903 So. 2d at 114-15). Rather, "[n]egligence and wantonness … are qualitatively different tort concepts of actionable culpability." *Id.*

Defendants argue that Plaintiff has not properly alleged wantonness because his claims are "built only upon conclusory allegations." (Doc. # 9 at 7). Defendants cite *Welch v. Time Well Spent* for the proposition that "a complaint must include factual allegations that a driver 'continued to drive after he became aware he was sleepy tired, or fatigued' … to state a claim for wantonness in the context of falling asleep at the wheel." 2016 WL 5462716 (N.D. Ala. Sept. 29, 2016).

Defendants further contend that Plaintiff's allegations that Defendant Payne "ignore[ed] the premonitory symptoms of sleep" and "dr[ove] while knowingly fatigued" are "unsubstantiated, conclusory allegations" and little more than an attempt "to meet the facial plausibility standard by parroting the words from *Welch* in his amended complaint." (Doc. # 9 at 7).

Plaintiff counters that "determining defendants' knowledge and consciousness … may rest on reasonable inferences drawn from the circumstances." (Doc. # 11 at 3) (quoting *Griffin v. Modular Transp. Co.*, No. 21-cv-2378, 2014 WL 896627, at *2 (N.D. Ala. March 6, 2014)). In support of his wantonness claim, Plaintiff cites to a number of factual allegations made in his amended complaint including these: Payne (1) drove while knowingly fatigued, (2) ignored the "premonitory symptoms of sleep," (3) failed to follow hours-of-service regulations, (4) trailed Plaintiff's vehicle at a distance he knew could cause injury to Plaintiff, and (5) drove at a speed well in excess of what was reasonable or prudent. (Doc. # 11 at 4) (citing Doc. # 8 ¶ 15). Plaintiff suggests that reasonable inferences may be drawn from these allegations to support a wantonness claim.

Defendants' reliance here on *Welch* is misplaced. That decision is not analogous. The court in *Welch* held that the complaint "contain[ed] no allegation that [the defendant] continued to drive after he became aware that he was sleepy, tired or fatigued." *Welch*, 2016 WL 5462716, at *5. Defendants do not argue that Plaintiff has completely failed to allege facts supporting a wantonness claim. Rather, they contend that Plaintiff's allegations amount to nothing more than "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The question is not whether Plaintiff has alleged *no* facts supporting a wantonness claim, but whether Plaintiff's factual allegations are sufficient to survive a motion to dismiss on a wantonness claim. After review, the court concludes that they are.

Of course, Defendants are correct that on a motion to dismiss, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). But, Plaintiff's allegations go further than mere legal conclusions. Plaintiff alleges that Payne wantonly operated his vehicle unsafely in a manner that he knew would likely or probably cause injury to Plaintiff by (1) driving while knowingly fatigued; (2) ignoring the premonitory symptoms of sleep; (3) exceeded one or more of the hours-of-service regulations; (4) following Plaintiff too closely; (5) failing to keep a lookout for a time or to a degree that would likely cause harm Plaintiff; and (6) travelling at a speed "far beyond what was reasonable and prudent under the conditions." (Doc. # 8 ¶ 15).

The allegations in Count II of the Complaint are sufficient to survive a motion to dismiss. Plaintiff alleges that Payne consciously put him in danger, and he explains the six ways he contends that happened. (Doc. # 8 ¶ 15). Conversely, in *Welch*, the plaintiff did not even attempt to meet the bare minimum standard for pleading why there was consciousness that any action was likely to cause injury. So, *Welch* is fundamentally different from this case. Here, Plaintiff clearly has alleged facts that meet the standard for pleading wantonness. *Compare* Doc. # 8 ¶ 15 with *Welch*, Case No. 2:13-cv-1169-SLB, Doc. # 1).

As to the Respondeat Superior claim against CTI based on Payne's alleged wantonness, Alabama law provides two mechanisms by which an employer can be liable for its employee's acts:

> [An] employer is vicariously liable for acts of its employee that were done for the employer's benefit, *i.e.*, acts done in the line and scope of employment or ... done for the furtherance of the employer's interest. The employer is directly liable for its own conduct if it authorizes or participates in the employees acts or ratifies the employee's conduct after it learns of the action.

*Machen v. Childersburg Bancorporation, Inc*., 761 So. 2d 981, 984–85 (Ala. 1999); *Potts v. BE & K Const. Co*., 604 So. 2d 398, 400 (Ala. 1992). Plaintiff has alleged that "[a]t all times relevant to

7

this case, and when the accident at issue occurred, Defendant Payne was an agent, servant, or employee of Defendant CTI and was acting within the line and scope of said agency, service, or employment on the occasion made the basis of this lawsuit." (Doc. # 8 at ¶ 23). Allegations that Payne was acting in the scope of his employment with CTI when the accident occurred are sufficient to state a claim against CTI for vicarious liability for Payne's alleged wantonness.

Because Plaintiff has alleged sufficient facts from which wantonness and vicarious liability may be inferred, Defendants' Motion to Dismiss (Doc. # 9) is due to be denied in part as to Counts II and IV of Plaintiff's Amended Complaint.[1]

### 2. Negligent Entrustment, and Negligent Hiring, Training, Retention, and Supervision

Under Alabama law, the torts of negligent entrustment and negligent hiring, training, retention, and supervision all require a plaintiff to show an employer knew or should have known its employee was incompetent. *See Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (negligent hiring, supervision, and entrustment); *Britt v. USA Truck, Inc.*, 2007 WL 4554027, *4 (M.D. Ala.2007) (negligent entrustment, hiring, supervision, and retention); *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent supervision); *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1002-03 (Ala. 1993) (negligent training and supervision), *abrogation on other grounds recognized by Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001); *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985) (negligent entrustment); *Brown v. Vanity Fair Mills, Inc.*, 277 So. 2d 893, 895 (Ala. 1973) (negligent hiring and entrustment). The question here is whether Plaintiff has alleged facts that, if true, would show

---

[1] Defendants do not address Plaintiff's wantonness claim against Crane Transport on a vicarious liability theory separately. Rather, they contend that because Plaintiff failed to state a claim for wantonness against Defendant Payne, Crane Transport cannot be held vicariously liable for such a claim. Because the court has determined that the wantonness claim against Payne survives Defendants' motion to dismiss, the court independently addresses why the claim against CTI survives as well.

(1) Payne was incompetent to drive a commercial vehicle and (2) CTI knew or should have known of Payne's incompetence. *See McCutchen v. Valley Home, Inc.*, 100 F. Supp. 3d 1235, 1241-42 (N.D. Ala. 2015) (noting evidence employer knew employee was incompetent to drive was required to establish claim for negligent hiring, training, retention, supervision, or entrustment).

A driver is incompetent if he is "unable or unlikely to [ ] operate[ ] [a] motor vehicle with reasonable safety due to one of several characteristics or conditions, including general incompetence or habitual negligence." *Edwards v. Valentine*, 926 So. 2d 315, 322 (Ala. 2005) (internal quotation marks omitted) (discussing incompetence in context of negligent entrustment claim). "More specifically, proof may be established by evidence of previous acts of negligent or reckless driving, previous accidents, or previous acts of driving while intoxicated." *Id.* (cleaned up); *see also Halford v. Alamo Rent-A-Car, LLC*, 921 So. 2d 409, 413-14 (Ala. 2005) ("[T]he incompetence of a driver is measured by the driver's demonstrated ability (or inability) to properly drive a vehicle.") (discussing incompetence in context of negligent entrustment claim).

In *Pryor v. Brown & Root USA*, the Alabama Supreme Court held an employee's driving record, which included an arrest for driving under the influence ten years prior to the accident at issue, was insufficient to demonstrate the employee's incompetence as a driver or support a negligent entrustment claim against an employer. 674 So. 2d 45, 51-52 (Ala. 1995); *see also Thompson v. Havard*, 235 So. 2d 853, 857 (Ala. 1970) (favorably quoting *Broesche v. Bullock*, 427 S.W. 2d 89, 93 (Tex. Civ. App. 1968), which noted "'proof of only one previous traffic violation is grossly inadequate to establish incompetency'" for purposes of negligent entrustment claim).

The allegations in Plaintiff's Amended Complaint regarding Payne's alleged incompetence and regarding CTI's alleged knowledge of that incompetence are wholly conclusory. There are no

specific *factual* allegations regarding the hours worked by Payne prior to the accident; any prior accidents or negligence; Payne's alleged "health condition;" the alleged failures in training; or the alleged failures in supervision. (Doc. # 8 at ¶¶ 17-20, 26). These "naked assertion[s] devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

Because Plaintiff has not alleged sufficient facts to support the conclusory allegations of his negligent entrustment, and negligent hiring, training, retention, and supervision claims, Defendants' Motion to Dismiss (Doc. # 9) is due to be granted in part as to Counts III and V of Plaintiff's Amended Complaint.

**IV.     Conclusion**

For the reasons outlined above, Defendants' Motion to Dismiss (Doc. # 9) is due to be granted in part and denied in part. A separate order will be entered.

**DONE** and **ORDERED** this March 30, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE